# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **TURNBULL GROUP, LLC D/B/A TURNBULL AUTOMOTIVE**<br><br>Plaintiff,<br><br>v.<br><br>**CARFAX, INC.**<br><br>Defendant. | <br><br>Civil Action No.: 1:16cv646<br><br>CLASS ACTION  AJT/IDD |

## CLASS ACTION COMPLAINT

Plaintiff, Turnbull Group, LLC d/b/a Turnbull Automotive ("Turnbull Automotive"), brings this class action complaint against the Defendant CarFax, Inc. ("CarFax"), on behalf of itself and all others similarly situated. In support thereof, Plaintiff states the following:

## NATURE OF THE CASE

1. CarFax compiles information pertaining to used vehicles and sells reports of that information to individuals and entities.

2. While some of the reports are sold on an individual basis, CarFax enters into agreements with many customers for long-term access to CarFax reports through the "VHS" service. These agreements are comprised of two documents, a paper contract and an online "VHS Terms and Conditions" (together

1

the "VHS Agreement"). In all relevant aspects, the VHS Agreements Turnbull Automotive and each putative class member entered into are identical.

3. In the VHS Agreement, for each class member, CarFax agrees to provide unlimited access to CarFax reports in exchange for a specific monthly fee. However, the VHS Agreement also provides that "CarFax may modify the prices for use of the VHS."

4. In violation of Virginia statutory and common law, CarFax in bad faith significantly increases the monthly fee above the agreed-upon amount. CarFax unilaterally inflicts these increases without any corresponding justifying increase in related costs, with the sole purpose of improperly exercising its pricing discretion to increase its profit at its customers' expense. The price increases are arbitrary, unfair, dishonest, and made in bad faith. They are enacted early in the agreements' term so that customers are bound to pay the increased fee for the remainder of the contract term, no matter how sizeable the increase. CarFax knows it will enact these increases when it enters into agreements (or renews those agreements) but unfairly withholds this information from customers. In the event a customer refuses to pay the increased monthly fee, CarFax relies upon punitive collection provisions in the VHS Agreement to force payment.

5. CarFax's conduct constitutes a breach of the duty of good faith and fair dealing that underpins the uniform contracts and has resulted in CarFax's

unjust enrichment at the expense of Plaintiff and the putative class. Plaintiff and each putative class member has been harmed by CarFax's conduct and Plaintiff brings this case to recover the excessive amounts paid above the agreed upon rates.

6. Finally, this case presents a prototypical situation for class treatment. CarFax's conduct, including all relevant practices and agreements, is uniform among all class members. The application of shared law—the form contract mandates the application of Virginia law—to this common course of conduct will determine liability for the class as a whole, ensuring that the rights of thousands of small businesses and individuals are vindicated through the efficiency of a single trial.

## PARTIES

7. Plaintiff is a limited liability company organized under the laws of the state of Alabama. Plaintiff's sole member is Andrew Turnbull, who is a resident of the state of Alabama. Plaintiff entered into the uniform contract and paid the fees at issue in this lawsuit. On multiple occasions, CarFax unilaterally increased Plaintiff's monthly fee.

8. Defendant CarFax, Inc., is organized under the laws of the Commonwealth of Pennsylvania with its headquarters and principal place of business in Virginia. Its appointed agent for service of process is CT Corporation, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

10. Plaintiff is a limited liability company whose sole member is a resident of the state of Alabama. Thus, Plaintiff is a citizen of Alabama.

11. Defendant is a Pennsylvania corporation headquartered in Virginia with its principal place of business in Virginia. As such, Defendant is a citizen of Pennsylvania and Virginia.

12. Accordingly, diversity exists as Defendant is a citizen of commonwealths other than the state of which Plaintiff is a citizen.

13. Plaintiff, on behalf of itself and the putative class, seeks more than $5,000,000, has a good faith basis to believe that more than $5,000,000 is at issue in this case (based upon CarFax's nationwide business footprint, the uniformity of the practices at issue across the United States, and the amount of the monthly fee increases). More than one hundred members are included in the putative class.

14. The agreements at issue provide that jurisdiction is proper in Federal or state courts located within Fairfax County, Virginia.

15. Venue is proper in this judicial district. CarFax does business in this judicial district and continues to receive substantial revenue and profits from the

improper charges in this judicial district. CarFax, a corporation doing business in this state, has offices and locations in this judicial district for the transaction of its customary business.

## CLASS REPRESENTATION ALLEGATIONS

16. Plaintiff brings this action as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure and proposes a Class defined as:

> All individuals and entities who (1) entered into an agreement with CarFax for VHS reports which provides that "CarFax may modify the prices for use of the VHS," and (2) paid increased prices during the relevant class period.

17. Excluded from each proposed class is any member of the judiciary, any entity currently in bankruptcy, any entity whose obligations have been discharged in bankruptcy, and any governmental agency or entity.

18. Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class which does not require individual inquiry to determine liability.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

19. There are common questions of law and fact which are of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Such common questions include, but are not limited to, the following:

a.  Whether CarFax has increased the monthly fee;

b.  Whether CarFax increasing the monthly fee is a breach of contract;

c.  Whether CarFax has breached the covenant of good faith and fair dealing by abusing its discretion and arbitrarily increasing the monthly fee in bad faith;

d.  Whether CarFax has any identifiable or quantifiable basis to increase the monthly fee; and

e.  Whether the amount of the increased monthly fee bears any relationship to any identifiable or quantifiable reason for the increase.

## TYPICALITY AND NUMEROSITY

20. The claims of Plaintiff are typical of the claims of the class. Based on information and belief, the total number of members of the putative class exceeds 100 members and is so numerous that separate joinder of each member is impracticable. The identities of each class member can be determined through records maintained by CarFax.

## ADEQUATE REPRESENTATION

21. Plaintiff will fairly and adequately protect the interests of the members of the class and will have no interest antagonistic to those of other class members. Plaintiff has retained class counsel competent to prosecute class actions and such class counsel is financially able to represent the class.

## SUPERIORITY

22. The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. The interests of judicial economy favor adjudicating the claims for the Plaintiff class rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

23. Questions of law and fact predominate over any questions affecting only individual members.

## FACTUAL ALLEGATIONS

24. Turnbull Automotive is a used-car dealer that acquires used vehicles for retail sale. Like many other businesses and individuals, it entered into a VHS Agreement with CarFax under which Turnbull Automotive could obtain an unlimited number of CarFax reports in exchange for a specific, agreed-upon monthly fee.

25. During the pendency of the VHS Agreement, CarFax unilaterally increased the agreed upon monthly fee, just as it does for all putative class members. CarFax claims that its authority to do so is found in a provision which states that "CarFax may modify the prices for use of the VHS."

7

26. Under controlling—and shared—Virginia statutory and common law, CarFax must exercise its discretion to increase prices in good faith. It has not done so. Rather, CarFax unilaterally, arbitrarily, and excessively raised the monthly fee and did so at a time designed to reap the maximum revenue during the remaining contractual term. The increases are wholly unrelated to any increases in related costs CarFax might incur and not designed to correspond to such costs. The sole, bad faith intent of the price increases is to reap unearned additional profit at its customers' expense. CarFax intends to increase prices when it enters into the agreement, but deliberately and unfairly concealed this intent in order to lock customers into a price CarFax has no intention of honoring.

**The Uniform Contracts.**

27. CarFax enters into VHS Agreements with customers for purchase of vehicle history reports using two documents—a paper contract and online "terms and conditions"—that, together, constitute the uniform contract at issue in this case. The first of these documents contains set provisions in the preprinted terms and refers to itself as an "agreement." This paper portion of the VHS Agreement is a standard CarFax, pre-printed form and is identical among class members in all relevant aspects.

28.  Primarily, the paper portion of the VHS agreement contains the customer specific information[1] and the agreed upon monthly fee that each customer pays in exchange for vehicle history reports, among other products. It also provides that the agreement has an initial term of six months that will automatically renew for successive one-year terms unless either party notifies the other that it wishes to terminate the agreement. This notice must be provided at least 30 days before the expiration of the term.

29.  The paper portion of the VHS Agreement incorporates online "VHS Terms and Conditions." The terms and conditions portion of the agreement is a standard, online document written by CarFax that is identical among class members. Among other things, the terms and conditions portion establishes that (1) it, along with the paper portion of the contract, constitutes the agreement between the parties (2) if a customer does not pay "all fees," CarFax may enact punitive enforcement measures, including acceleration of debt, high interest rates, and collection costs, (3) venue is proper in the state and federal courts of Fairfax County, Virginia, and (4) the agreement will be "governed by and construed in accordance with the laws of the Commonwealth of Virginia."

---

[1] The customer specific variations are irrelevant to the adjudication of the claims brought herein, and, upon information and belief, all customer specific information necessary to identify putative class members and determine damages for each is maintained by CarFax.

30. The terms and conditions portion of the VHS Agreement also provides that CarFax "may modify the prices for use of the VHS."

**CarFax's Bad Faith Price Increases.**

31. After luring customers into year-long, evergreen contracts, CarFax then increases the agreed upon monthly prices without cause and unreasonably. CarFax knows when initially contracting that it will do so, but does not disclose this fact to its customers. These price increases are unilaterally implemented by CarFax early in the contractual term so as to reap as much unearned benefit as possible. Along with the timing of the increases, CarFax unilaterally sets the amounts price increases. These amounts are not insignificant, often reaching 15% or 20% of the agreed-upon monthly rate. There is no justification for the price increases. CarFax is simply using the discretion the VHS Agreement affords it to "modify prices" to arbitrarily and systematically increase prices contrary to the reasonable expectations of its customers. It does so unfairly and in bad faith.

32. The amounts of the increases are arbitrary and unreasonable in that they are not based on any extrinsic factors but rather upon the amount of additional profit CarFax seeks to extract from its customers. There are no discrete, identifiable costs incurred by CarFax to justify the price increases and, upon information and belief, CarFax does not conduct any analysis of such costs prior to increasing prices. Plaintiff has cause to believe that the price increases are uniform

30. The terms and conditions portion of the VHS Agreement also provides that CarFax "may modify the prices for use of the VHS."

**CarFax's Bad Faith Price Increases.**

31. After luring customers into year-long, evergreen contracts, CarFax then increases the agreed upon monthly prices without cause and unreasonably. CarFax knows when initially contracting that it will do so, but does not disclose this fact to its customers. These price increases are unilaterally implemented by CarFax early in the contractual term so as to reap as much unearned benefit as possible. Along with the timing of the increases, CarFax unilaterally sets the amounts price increases. These amounts are not insignificant, often reaching 15% or 20% of the agreed-upon monthly rate. There is no justification for the price increases. CarFax is simply using the discretion the VHS Agreement affords it to "modify prices" to arbitrarily and systematically increase prices contrary to the reasonable expectations of its customers. It does so unfairly and in bad faith.

32. The amounts of the increases are arbitrary and unreasonable in that they are not based on any extrinsic factors but rather upon the amount of additional profit CarFax seeks to extract from its customers. There are no discrete, identifiable costs incurred by CarFax to justify the price increases and, upon information and belief, CarFax does not conduct any analysis of such costs prior to increasing prices. Plaintiff has cause to believe that the price increases are uniform

in intent, timing, and percentage or amount across many of CarFax's customers, and likely are implemented through systematic application in its customer information management system.

33. Plaintiff Turnbull Automotive's experience with CarFax's unlawful price increases is representative of that of the class as a whole. CarFax initially charged Turnbull Automotive $250 per month for the last six months of 2012 as agreed. The contract automatically renewed in January 2013 for an additional twelve months. From January 2013 through March 2014, CarFax continued to charge Turnbull Automotive $499 per month pursuant to the terms of the agreement. However, in April, 2014, CarFax unilaterally and arbitrarily raised the monthly rate to $529. When Turnbull Automotive complained and questioned the increase, CarFax's account representative offered no explanation for the increase. Turnbull Automotive paid the increased monthly fee for the remainder of 2014.

34. The contract again automatically renewed in January 2015 for another 12-month term. From January 2015 through March 2015, CarFax charged Turnbull Automotive $529 per month. Then, without explanation, CarFax again increased the monthly charge in April 2015, this time to $569. When Turnbull Automotive contested this increase, CarFax threatened litigation over the disputed balance and eventually turned Turnbull Automotive's account over to a collection agency,

forcing Turnbull Automotive to pay the full amount of the unlawful price increases.

35. Thus, CarFax unilaterally increased Turnbull Automotive's monthly fee from $499 to $569 in the space of a little more than a year, an increase of over 14%. During that same time span, the Consumer Price Index—a common measure of inflation—was approximately 2%.

## Count One
## Breach of Contract
### (Violation of the Covenant of Good Faith and Fair Dealing)

36. Plaintiff adopts and incorporates the allegations of the prior paragraphs as though fully incorporated herein.

37. This count is brought both individually and on behalf of the proposed class.

38. Plaintiff and each putative class member entered into a written contract with CarFax. Plaintiff and each member of the putative class performed the obligations required of them by the contract.

39. In entering into the contract with CarFax, CarFax owed Plaintiff and each putative class member the duty of good faith and fair dealing. This is particularly true with regard to exercising any discretion CarFax enjoys in modifying prices.

40. When CarFax arbitrarily and unfairly changed the monthly fee and charged the Plaintiff and putative class members increased amounts, CarFax exercised its contractual discretion in a manner that breached its duty of good faith and fair dealing. CarFax abused its discretion and violated the reasonable expectations of its customers. It acted dishonestly. The price increases it implemented are not related to any justifying cost and serve no purpose other than to increase CarFax's profits at its customers' expense after locking those customers into long term contracts. CarFax purposefully contracts for specific prices knowing that it intends to raise those prices without justification. Such conduct is contrary to usual and prudent business practices. CarFax acted unfairly, in bad faith, and unreasonably.

41. Plaintiff and each putative class member was damaged as a result of the arbitrary fee increases when they paid the arbitrarily increased fees.

## Count Two
## Unjust Enrichment

42. Plaintiff adopts and incorporates the allegations of the prior paragraphs as though fully incorporated herein.

43. This count is brought both individually and on behalf of the proposed class.

44. To the extent necessary, this count is pled in the alternative to the previous count.

45. CarFax has received a benefit, specifically money from Plaintiff and each member of the putative classes in the form of excessive, unreasonable, and bad faith price increases, which in justice and equity it should not be permitted to keep.

46. CarFax had knowledge and an appreciation of the benefit conferred upon it. The benefit conferred by Plaintiff and each member of the putative classes was non-gratuitous and CarFax realized value from this benefit. It would be inequitable for CarFax to retain this benefit given the bad faith conduct which underlies the price increases.

### Count Three
### Fraud

47. Plaintiff adopts and incorporates the allegations of the prior paragraphs as though fully incorporated herein.

48. To the extent necessary, this count is pled in the alternative to the previous counts.

49. As set out herein, CarFax intentionally made multiple misrepresentations of material facts to Plaintiff and withheld material facts from

Plaintiff, including the intent to increase prices and the price at which reports would be provided.

50. CarFax intended to mislead Plaintiff, and Plaintiff did in fact rely upon CarFax's misrepresentations and omissions.

51. Plaintiff was damaged by the payment of the excessive and unlawful price increases.

### Prayer for Relief

52. Plaintiff, on behalf of himself and each member of the putative class, seeks:

    a. An order certifying the proposed class and appointing Plaintiff as class representative and Plaintiff's counsel as class counsel;

    b. Trial by struck jury;

    c. Compensatory damages in the amount of the excessive price increases paid by the putative class during the class period;

    d. Full restitution of all amounts paid to Defendant; and

    e. All other relief which the Court or jury should find appropriate.

Dated: June 2, 2016

Respectfully submitted,

**TURNBULL GROUP, LLC D/B/A TURNBULL AUTOMOTIVE**

By: _____
John S. Moss, Jr.
Rinehart, Butler, Hodge, Moss & Bryant, PLC
1259 Courthouse Road, Suite 105
Stafford, VA 22554
(540) 659-2184
(540) 659-8143 FAX
Virginia Bar No. 71301
E-mail: johnmoss@rlsblaw.com